**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

SANDRA FERRERA,

    Plaintiff,

    v.

UNITED RECOVERY GROUP, INC.,

    Defendant.

PLAINTIFF'S VERIFIED COMPLAINT

**COMPLAINT**

SANDRA FERRERA ("Plaintiff"), through her attorneys, alleges the following against UNITED RECOVERY GROUP, INC., ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Louisiana, and, therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Chalmette, St. Bernard Parrish, Louisiana.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company located in Lehi, Utah.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant is attempting to collect from Plaintiff an alleged debt originally owed for a payday loan.

12. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13. Defendant's representative, "Debra McKnight," places calls from numbers including, but not limited to, 855-645-8013 extension 227.

14. Defendant places collection calls to Plaintiff's place of employment, telephone number 504-670-72xx, in an attempt to collect an alleged debt.

15. On October 22, 2013, Plaintiff spoke with Defendant's representative and informed Defendant that she could not receive calls at work.

16. Despite being informed that Plaintiff could not receive calls at work, Defendant continues to place calls to Plaintiff's place of employment.

17. In October of 2013, Defendant, or a representative thereof, named "Debra McKnight" placed a call to Plaintiff's place of employment, calling telephone number 504-670-72xx, and spoke with Jason Gaffeo who is in Human Resources.

18. Defendant's representative spoke to Jason Gaffeo, who is in Human Resources at Plaintiff's place of employment, and stated that Defendant would "serve papers" on Plaintiff in regards to a debt, thereby disclosing to Plaintiff's manager Plaintiff's personal and confidential information.

19. Upon information and belief Defendant has not filed a lawsuit against Plaintiff and Defendant's threat to "serve papers" at Plaintiff's place of employment was an empty threat designed to intimidate Plaintiff into placing a return call to Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

a) Defendant violated §1692c(a)(3) of the FDCPA by placing collection calls to Plaintiff's place of employment despite knowing or having reason to know that Plaintiff's employer prohibits such calls;

b) Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's manager and disclosing to Plaintiff's Human Resources Manager, that Defendant was calling in connection with the collection of a debt without Plaintiff's consent;

c) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

d) Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

e) Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, SANDRA FERRERA, respectfully requests judgment be entered against Defendant, UNITED RECOVERY GROUP, INC, for the following:

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

23. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  January 2, 2014

By: /s/ Kenneth Waguespack
Kenneth Waguespack
2587 Mill Grove Lane
Marrero, LA 70072
(504) 201-6864
kwaguespack@hotmail.com
Attorneys for Plaintiff,
SANDRA FERRERA

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA

Plaintiff, SANDRA FERRARA, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SANDRA FERRARA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10-29-2013
_____
Date

_Sandra Ferrera_
_____
SANDRA FERRARA